**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARLENE M.,[1]

Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:26-cv-04843-VET

**ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

**[ECF No. 3]**

On August 25, 2026, Plaintiff Arlene M. ("Plaintiff") filed this action, seeking judicial review pursuant to 42 U.S.C. §405(g) of the Commissioner of Social Security's ("Commissioner") final decision denying Plaintiff's application for benefits. ECF No. 1. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). ECF No. 3. For the reasons stated below, the Court **GRANTS** the Application.

---

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).

## I. <u>LEGAL STANDARD</u>

Except for writ of habeas corpus applications, all parties instituting a civil action, suit, or proceeding in a United States district court must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed without paying the filing fee only if the party is granted *in forma pauperis* ("IFP") status pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

To proceed IFP, an applicant does not need to be "absolutely destitute" but must adequately prove their indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security." CivLR 3.2.a. The affidavit proving indigence should allege "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on*

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); *see also* U. S. COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

*other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

## II. DISCUSSION

### A. IFP Application

Here, the Court finds that Plaintiff is entitled to IFP status. Plaintiff's is self-employed as a caregiver for her father and earns $700 per month through a California state program. ECF No. 3 at 1. Plaintiff also receives $298 per month in food stamps, for a total of $998 in monthly income. *Id.* at 2. Plaintiff lists no employment history and has no money on-hand or in the bank. *Id.* Plaintiff owns a 2022 Honda CRV with an estimated value of $6,200. *Id.* at 3. She has no other assets. *Id.*

In terms of expenses, Plaintiff pays $750 per month in rent, $100 for phone bills, $250 for food, $40 for dry-cleaning, $80 for gas, $63 for car insurance, and $10 for "daily necessities/hygiene products." *Id.* at 4–5. Thus, her monthly expenses total $1,293. *Id.* at 5. She expects no changes to her monthly income, expenses, assets, or liabilities during the next 12 months. *Id.* Her attorney took this case on a contingency basis. *Id.* Plaintiff further explains that she is a month behind on rent and often uses food banks when her food stamps run out at the end of the month. *Id.* She receives no help from friends or family. *Id.*

Based on the information in the affidavit, Plaintiff has no available financial resources to pay the filing fee, has no net monthly income, and is apparently in debt. *See* ECF No. 3. Therefore, considering the information in the affidavit, the Court finds that Plaintiff does not have the ability to pay the $405 filing fee under Section 1915(a).

### B. Mandatory Screening under 28 U.S.C. § 1915(e)

Complaints filed by any person proceeding IFP are subject to mandatory screening by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all [IFP] complaints, not just those filed by prisoners"); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners") (internal citation omitted). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*,

No. 12-cv-00973-SMS, 2012 U.S. Dist. LEXIS 90042, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."). Pursuant to Section 1915(e), a complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126.

As an initial matter, the Court finds that the Complaint is not frivolous or malicious. Nor does it seek relief against a defendant who is immune. Plaintiff identifies a decision issued by the Commissioner that she seeks to appeal, a summary basis for the appeal, and a valid statutory basis for the Complaint. ECF No. 1 at 1–3. Further, the Commissioner is not immune from the relief requested, namely reversal of the Commissioner's decision or remand for further administrative proceedings. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C. § 405(g).

Determining whether a complaint states a plausible claim for relief is a context-specific task. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleading standard governing most civil actions is set forth in Federal Rule of Civil Procedure 8(a), which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, in the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") to determine whether the Complaint states a claim for relief. *See* Supplemental Rule 1(a) ("These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim."); *see also* 2022 Advisory Committee Note to Supplemental Rules (noting that Supplemental Rules 2, 3, 4, and 5 supersede the corresponding rules on pleading, service, and presenting the action

for decision); *see also Randy M. v. O'Malley*, No. 24-cv-03396-PHK, 2024 U.S. Dist. LEXIS 111956, at *5 (N.D. Cal. June 25, 2024) ("Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for Social Security complaints under these Supplemental Rules."); *Landon H. v. O'Malley*, No. 24-cv-0991-DEB, 2024 U.S. Dist. LEXIS 108200, at *2 (S.D. Cal. June 17, 2024) (applying Supplemental Rule 2 to Social Security complaint).

Specifically, Supplemental Rule 2 states that a complaint appealing the decision of the Commissioner *must*:

> (A) state that the action is brought under § 405(g);
> (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
> (C) state the name and the county of residence of the person for whom benefits are claimed;
> (D) name the person on whose wage record benefits are claimed; and
> (E) state the type of benefits claimed.

Supplemental Rule 2(b)(1)(A)–(E). Further, a complaint "may include a short and plain statement of the grounds for relief." Supplemental Rule 2(b)(2).

Here, Plaintiff meets the five pleading requirements in Supplemental Rule 2. First, Plaintiff states that the action is brought under § 405(g). ECF No. 1 at ¶ 1. Second, Plaintiff identifies both the relevant Beneficiary Notice Control Number provided by the Commissioner and the final decision of the Commissioner subject to review. *Id.* at ¶¶ 1–3. Third, Plaintiff provides her name and states that she resides in San Diego, CA, a city within San Diego County and within this Court's jurisdiction. *Id.* at ¶ 3. Fourth, Plaintiff seeks review of a decision "denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability." *Id.* at 1 (¶ 1). Fifth, Plaintiff states the type of benefits claimed, namely, social security disability insurance benefits and supplemental security income benefits. *Id.* at ¶ 1. Accordingly, the Court finds that Plaintiff's Complaint satisfies the minimum pleading requirements to state a claim for relief under the applicable standards set forth in Supplemental Rule 2. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiff's Application. ECF No. 3.

**IT IS SO ORDERED**.

Dated: September 18, 2026

Honorable Valerie E. Torres
United States Magistrate Judge